UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GYPSY JOKERS MOTORCYCLE CLUB (SEATTLE CHAPTER), individually and on behalf of its membership; JOEY MEAGER and MARY ANN NILSON,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY,<br><br>Defendants. | Case No.  C04-5804RJB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; SHOW CAUSE ORDER |

This matter comes before the court on Defendant's Motion for Summary Judgment (Dkt. 27). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

### I. PROCEDURAL AND FACTUAL BACKGROUND

On March 14, 2004, two diner patrons were allegedly assaulted by two gentlemen believed to be members of the Gypsy Jokers, a motorcycle club. On March 31, 2004, King County police officers executed a warrant authorizing the search of the plaintiffs' property as part of the investigation into the March 14 incident.

On November 4, 2004, the plaintiffs filed suit against King County in Pierce County Superior Court for federal and state constitutional violations, replevin, abuse of process, and negligence. On November 30, 2004, King County removed this action to federal court on the basis of federal question

1  jurisdiction. Dkt. 1 at 2. King County now moves for summary judgment on all of the plaintiffs'
2  claims. Dkt. 27. In their response, the plaintiffs move for voluntary dismissal pursuant to Federal Rule
3  41(a). This motion fails to comply with Local Rule CR 7(b)(1) and is not properly before the court.
4  On September 27, 2005, the plaintiffs filed a letter requesting oral argument. Dkt. 35. This
5  request does not comply with Local Rule CR 7(b)(4) and would not assist the court in resolving the
6  narrow issue of whether the plaintiffs can withstand the defendant's motion for summary judgment by
7  establishing municipal liability.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically

attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson*, *supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**B. SECTION 1983 CLAIMS**

The plaintiffs contend that the defendant violated their rights of speech, association, freedom from unreasonable searches, and due process under the First, Fourth, and Fourteenth Amendments to the Constitution. King County asks the court to enter judgment in its favor on these claims, arguing that it cannot be held liable for § 1983 violations under a *respondeat superior* theory and that the plaintiff has failed to demonstrate that "individually named defendants caused or personally participated in causing the harm alleged in the complaint." Dkt. 27 at 10. The defendant contends that summary judgment in its favor is proper because the plaintiffs have not demonstrated that King County has a policy, practice, or custom of violating civil rights in the manner alleged in the complaint. The plaintiffs' response to the motion does not address this argument.

The language of § 1983 is expansive and does not expressly incorporate common law immunities. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 637 (1980). Municipalities are subject to suit under § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). Municipalities are not liable merely for employing tortfeasors, and *respondeat superior* is an insufficient basis for establishing municipal liability. *Id.* Rather, plaintiffs must establish that a policy or custom of the municipality caused the constitutional injury. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination*, 507 U.S. 163, 166 (1993). This requirement distinguishes acts of the municipality from acts of municipal employees. *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). The custom allegedly causing the rights violation need not receive municipal ratification in order to serve as the basis for a claim under § 1983. *Monell*, 436 U.S. at 691. Plaintiffs contending that they were singled out for unusual treatment does not establish the presence of a longstanding practice or custom. *Christie*, 176 F.3d at 1235. The plaintiffs' response does not demonstrate that King County violated their rights through its policies or customs or argue that an exception applies. The court should

ORDER
Page - 3

1 therefore grant the motion with respect to the plaintiffs' § 1983 claims.

## C. STATE CLAIMS

The plaintiffs' remaining claims for replevin, Washington State constitutional violations, abuse of process, and negligence arise under state law. Under 28 U.S.C. 1367, a federal court has supplemental jurisdiction over all other claims so related to claims within the court's original jurisdiction that they form part of the same case or controversy. 28 U.S.C. 1367(a). The court may decline to exercise supplemental jurisdiction over such claims if they raise novel or complex issues of state law, they substantially predominate over the claims over which the court has original jurisdiction, the court has dismissed all claims over which it has original jurisdiction, or if there are exceptional circumstances and compelling reasons for declining jurisdiction. 28 U.S.C. 1367(c).

All of the claims over which the court has original jurisdiction are being dismissed by this order, and there do not appear to be exceptional circumstances warranting the exercise of supplemental jurisdiction over the plaintiffs' state law claims. Therefore, the court should order the parties to show cause why this court should not decline to exercise supplemental jurisdiction over those claims.

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment and Dismissal (Dkt. 27) is **GRANTED** in part as follows: The plaintiffs' § 1983 claims are **DISMISSED** with prejudice. Not later than October 10, 2005, the parties may **SHOW CAUSE**, if any they have, why the court should not decline to exercise supplemental jurisdiction over the pending state law claims. Not later than October 14, 2005, any party may file a reply to a response. The matter is noted for consideration on the court's October 14, 2005, motion calendar. If the parties fail to timely respond to this Show Cause Order, or if they otherwise fail to show cause as directed herein, the court will dismiss the state law claims without prejudice.

1   The Clerk is directed to send uncertified copies of this Order to all counsel of record and to
2   any party appearing *pro se* at said party's last known address.
3   DATED this 3rd day of October, 2005.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge